Sturgis *v.* Hardcastle.

4-7133                                              174 S. W. 2d 565

Opinion delivered October 25, 1943.

*Fred A. Isgrig,* for appellant.

*Joe N. Wills, George W. Shepherd* and *W. R. Donham,* for appellee.

McHANEY, J.   On January 1, 1942, appellees, Vernon Hardcastle, his wife and minor son, were driving their car from Little Rock to Roland, in a westerly direction. As they drove upon the concrete bridge over Little Maumelle creek, they saw the truck and trailer of appellant approaching the bridge from the opposite direction. The truck was heavily loaded with green logs, was traveling, according to appellees, at a speed of about 50 miles per hour and was driven by appellant's employee. The bridge is 257 feet long and 15 feet, 2 inches wide. The truck was 7 feet, 9 inches and appellee's car 5 feet, 8 inches wide, which left only 1 foot, 9 inches passing space for the two vehicles. According to appellees, and we must view the evidence in its most favorable light to them, when they drove upon the bridge and saw appellant's truck coming, they saw they were going to be hit by it, pulled their car to the right as far as possible and

stopped, and that the driver of the truck ran into them, seriously injuring Mrs. Hardcastle and injuring him and his son, and damaging his car.

They thereafter brought this action to recover damages for personal injuries to themselves and for damages to the car. A number of grounds of negligence were alleged in the amended and substituted complaint, but only three of the alleged grounds were submitted to the jury, two of which related to the negligence of the driver of the truck and the other that he was unlicensed, inexperienced, careless and of immature judgment, to the knowledge of appellant.

Trial resulted in verdicts and judgments against appellant as follows: For Mrs. Hardcastle, $5,000; for Mr. Hardcastle, $300; and for the son, $10.

To reverse these judgments, it is first insisted that the evidence is insufficient to support the verdicts, that appellees failed to prove any negligence on the part of appellant or his driver which was the proximate cause of the alleged injuries to them. It is of course well settled in this court that the verdict of a jury will not be disturbed on appeal if it is supported by substantial evidence, and that in determining whether it is so supported, the evidence will be viewed in the light most favorable to the one in whose favor it was rendered. While the evidence as to the speed of the truck, its position on the bridge at the time of collision, the carelessness of its driver and the position of the car of appellees on the bridge is in dispute, it is the peculiar province of the jury to settle this dispute and it has done so in favor of appellees, and we think this finding is supported by substantial evidence, if not by a preponderance thereof. If appellant's truck driver was running his heavily loaded truck across this bridge at 50 m.p.h., or at any other speed approximating that rate with barely 21 inches safe passing space, knowing another car was on the bridge, and he did, the jury was justified in finding him guilty of gross negligence. According to appellees, appellant's truck was driven onto the bridge at a speed of about 50 m.p.h. and into their car at a time when their car was

standing still and on their right side as far as they could get, and as the truck approached them it was turned to its left across the center of the bridge and into them, and continued on, knocking down some of the concrete uprights on the bridge and for a distance of 250 feet before being stopped. But, say appellant's counsel, the physical facts show conclusively that appellees' car was on its left side of the center of the bridge and that the driver of the truck, in an effort to avoid striking them, ran his truck so close to his right-hand side that he struck some of the concrete posts or uprights of the bridge for some distance before striking the car, and then knocked some of them down. The jury did not, as we do not, disregard this so-called physical fact, but they did decline to accept appellant's deductions from such fact. It is argued that, because the truck or trailer contacted the side of the bridge 88 feet from its east or Little Rock end, it was on its side of the bridge. Perhaps so, at that time, but the jury was justified from the evidence in finding that it was thereafter driven to its left and across the center line and into appellees' car as it traveled some sixty odd feet before the collision, and then either was driven or was caromed to its right, knocking down some of the uprights. We think the evidence was sufficient to go to the jury.

It is next argued that the court erred in giving appellees' instructions Nos. 5 and 6, and in refusing to give certain instructions requested by appellant. We have carefully examined these and all other instructions given and find that the court fully and fairly submitted the law of the case to the jury, and that the instructions refused, of which complaint is made, were fully covered by others given. Particular stress is laid on the refusal of the court to withdraw from the jury's consideration an allegation of negligence that the ''driver of the truck and trailer was unlicensed, careless, of immature judgment and not experienced,'' etc., as contained in his requested instruction No. 6. It is said there is no proof to sustain the allegation. We do not agree. There was ample proof to go to the jury that said driver was ''careless,'' so the request was properly refused.

It is finally insisted the judgments are excessive. As to the judgments in favor of Hardcastle and his son, but little need be said. The damage to the car, which was no doubt included in the judgment for $300 in his favor, was estimated by a competent repair man as $122.78. There was substantial testimony of injury to him and the son and we cannot say the judgments in their favor are excessive. While the judgment in favor of Mrs. Hardcastle is liberal, we are likewise unwilling to substitute our judgment for that of the jury and trial court, under the facts and circumstances here presented. The injury occurred January 1, 1942, and twenty-one days later she suffered a miscarriage which she and her reputable physician say resulted from the injuries received on said date. Considerable flooding and suffering intervened and has continued, at least to the date of trial, and may continue.

We find no error, and the judgments are accordingly affirmed.